UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVID HOOVER, JR., | Case No.: 1:13-cv-00333 - JLT |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 22) |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ORDER REMANDING THE ACTION PURSUANT TO SENTENCE SIX OF 42 USC § 405(g) |
| Defendant. | |

Plaintiff John David Hoover, Jr. seeks to have the decision denying his applications for Social Security benefits remanded pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. 22.) Defendant Carolyn Colvin, Acting Commissioner of Social Security, opposes the remand. (Doc. 23.) For the reasons set forth below, Plaintiff's motion to remand is **GRANTED**.

**I.     Factual and Procedural Background**

Plaintiff filed applications for disability insurance benefits and supplemental security income on October 22, 2010, alleging disability beginning September 30, 2009. (Doc. 12-6 at 2, 10.) The Social Security Administration denied his claims initially and upon reconsideration. (Doc. 12-3 at 18.) After requesting a hearing, Plaintiff testified before an administrative law judge ("ALJ") on May 2, 2012. (*Id.* at 18, 36.) The ALJ determined Plaintiff was not disabled under the Social Security Act, and issued an order denying benefits on May 24, 2012. (*Id.* at 18-28.) Plaintiff requested review by the Appeals Council of Social Security, which denied the request on November 1, 2012. (*Id.* at 2.)

Therefore, the ALJ's determination became the decision of the Commissioner of Social Security ("Commissioner").

Plaintiff filed his complaint for judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g) on December 28, 2012. (Doc. 1.) Plaintiff filed his opening brief in the action on November 25, 2014, arguing the ALJ failed to properly evaluate whether his impairments met or medically equaled Listing 4.20 and erred in assessing the medical evidence and the credibility of his subjective complaints. (Doc. 17.) Defendant filed a response on February 10, 2014, asserting the ALJ's decision should be upheld because it is supported by substantial evidence in the record. (Doc. 20.)

The Commissioner issued a decision granting a subsequent application for benefits filed by Plaintiff on February 28, 2013. The Commissioner found Plaintiff "became disabled under [the] rules on May 25, 2012." (Doc. 22-2 at 1.) Thereafter, Plaintiff filed the motion to remand now pending before the Court, "based upon [the] subsequent grant of his application for disability benefits." (Doc. 22.) Plaintiff argues that "a subsequent grant of disability in close proximity to a prior denial gives rise to a conflict which should be remanded to the Agency to be resolved." (*Id.*, citing *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010)). Defendant opposes the motion, arguing the grant of Plaintiff's second application "does not impact this case, nor the validity of the Commissioner's final decision dated May 24, 2012." (Doc. 23 at 2, emphasis omitted).

## II.     Legal Standard

Sentences four and six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the Commissioner." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). A sentence six remand "may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Id.* (citing *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993). Specifically, sentence six provides that the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

In order for the Court to remand the case based upon the new evidence in the record, Plaintiff

must show that the new evidence is material and that there was good cause for the failure to incorporate the evidence into the record in the initial proceeding. *Cotton v. Bowen*, 799 F.2d 1403, 1409 (9th Cir. 1986). To be material, the new evidence must bear directly and substantially on the matter in issue, and there must be a real possibility that the new evidence would have changed the outcome if it had been before the Commissioner. *See Cotton*, 799 F.2d at 1408. There must be a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before him." *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1983) (quoting *Dorsey v. Heckler*, 702 F.2d 597, 604-05 (5th Cir. 1983)). The good cause requirement is satisfied if new information surfaces after the Commissioner's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding. *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985).

### III.    Discussion and Analysis

The Ninth Circuit has determined that "an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim." (*Luna*, 623 F.3d at 1034) (quoting *Bradley v. Barnhart*, 463 F.Supp. 2d 577, 580-81 (S.D. W. Va. 2006)). In *Luna*, the claimant received a subsequent favorable decision, and "[t]here was only one day between the denial of [her] first application and the disability onset date specified in the award for her successful second application." *Id*, 623 F.3d at 1035. The Court found a remand pursuant to sentence six was appropriate because it could not "conclude based on the record . . . whether the decisions concerning [the claimant] were reconcilable or inconsistent." *Id.* The Ninth Circuit explained: "The 'reasonable possibility' that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." *Luna*, 623 F.3d at 1035 (citing *Booz*, 734 F.2d at 1380-81).

Following *Luna*, the Ninth Circuit remanded a disability claim pursuant to sentence six under 42 U.S.C. § 405(g) for further consideration because the claimant "was found to be disabled by a second ALJ shortly after the ALJ issued the decision denying befits that [was] on appeal." *Nguyen v.*

*Comm'r of Soc. Sec. Admin*, 489 Fed. Appx. 209, 210 (9th Cir. 2012).  Although the claimant did not raise the issue of his second application "before the district court or in his opening brief," the Court exercised its discretion to consider whether the matter should be remanded following supplemental briefing and oral arguments of the parties.  *Id.* at 209.  The Court found, as in *Luna*, the record was insufficient to determine whether the decisions on the claimant's applicants "were reconcilable or inconsistent," and remanded the action with the instructions that (1) "the parties be allowed to present any new evidence submitted during the second proceeding that pertains to the period of disability for the first application" and (2) the ALJ should "reconsider whether [the claimant] was actually disabled during the period of time relevant to his first application in light of any new evidence of disability."  *Id.* at 210.

Plaintiff argues that the granting of his second application "is new and material information that has not been considered by the Commissioner and which may have bearing on the decision made on the first application."  (Doc. 22 at 2.)  Further, Plaintiff asserts there is good cause for the remand, because the evidence related to his second application "could not have been presented previously as the grant was made in February 2014 and the award notice stating the onset date of the second application was only issued on February 17, 2014."  (*Id.*)  According to Plaintiff, the matter "should be remanded to resolve the conflict" between the denial of his first application and the granting of the second application, similar to the action taken by the Ninth Circuit in *Luna*.  (*Id.*)

On the other hand, Defendant argues "*Luna* did not speak to the propriety of a Court-mandated remand based on a subsequent administrative finding of disability," and the facts in *Luna* must be distinguished from the matter now before the Court.  (Doc. 23 at 2.)  Defendant observes that at the district court level, "the Commissioner determined that the ALJ's decision, itself, contained multiple errors related to the medical evidence and the RFC finding that required reevaluation at the administrative level, and "the *only* issue on appeal in *Luna* was remedy."  (*Id.* at 3, citing *Luna v. Astrue*, 2008 WL 2559400 (D. Ariz. June 23, 2008)).  Further, Defendant asserts the Court should find remand is not appropriate based solely upon the subsequent decision because "without analyzing the specific challenges Plaintiff raises against the appealed ALJ decision, it is unclear how the Court could determine that the subsequent award had a 'reasonable possibility' of changing the outcome of that

decision." (*Id.* at 5, citing *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001)).

Significantly, *Bruton* was "a case where an initial denial and subsequent award were easily reconcilable on the record before the court." *Luna*, 623 F.3d at 1035 (citing *Bruton*, 268 F.3d at 827). The Ninth Circuit observed that in *Bruton*, the "second application involved different medical evidence, a different time period, and a different age classification." *Id.* In contrast, here the record is similar to those of *Luna* and *Nguyen*, and the Court cannot conclude based on the record whether the decisions concerning Plaintiff's disability are reconcilable or inconsistent. The Commissioner found Plaintiff was disabled as of May 25, 2012, while the ALJ determined Plaintiff was not disabled through May 24, 2012, without any indication of an intervening act causing disability. (*See* Doc. 12-3 at 27-28; Doc. 22-2 at 1.) Because Plaintiff's second application was granted upon reconsideration, it never reached an ALJ for the issuance of a decision, and the Court is unable to determine whether the second application involved the same evidence.

## IV.    Conclusion and Order

Because the Court is unable to determine based upon the record whether the decisions on Plaintiff's applications for benefits are "reconcilable or inconsistent," a remand of the matter pursuant to sentence six of 42 U.S.C. § 405(g) is appropriate.[1] *See, e.g., Luna,* 623 F.3d at 1035; *Nguyen*, 489 Fed. Appx. at 210; *Gazzano v. Colvin*, 2013 WL 856671, at *1 (E.D. Cal. Mar. 6, 2013) (remanding the action pursuant to sentence six of 42 U.S.C. § 405(g) where "[o]nly one day separate[d] the denial of plaintiff's first application for benefits and the disability onset date specified in the award on [the] successful second application").

---

[1] Moreover, the Court's review of the evidence presented reveals the ALJ erred in evaluating the medical evidence at step three of the sequential evaluation. Here, the ALJ did not explain his conclusions that the evidence was "insufficient to demonstrate [Plaintiff's] condition, with treatment, has resulted in uncontrolled chest pain, increased aneurysm size, or compression of one or more branches of the aorta supplying the heart, kidneys, brain, or other organs." (Doc. 12-3 at 21.)
    The Ninth Circuit held that "in determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1989). The ALJ's "findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990) (quotations and citations omitted). Here, the ALJ failed to meet this burden and offered only the conclusion that the evidence was not sufficient to show Plaintiff did not meet the requirements of Listing 4.10. Further, the ALJ failed to identify any evidence related to whether Plaintiff's symptoms medically equaled the requirements. Given the inadequacy of the ALJ's analysis, remand is also appropriate for further consideration of the medical evidence under 42 U.S.C § 405(g).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to remand is **GRANTED**; and
2. The matter is **REMANDED** for further proceedings consistent with this decision pursuant to sentence six of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

Dated:   **August 21, 2014**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE