**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DAVID HOOVER JR., ) | Case No.: 1:13-cv-0333- JLT |
| ) | |
| Plaintiff, ) | ORDER GRANTING COUNSEL'S MOTION |
| ) | FOR ATTORNEY FEES PURSUANT TO |
| v. ) | 42 U.S.C. § 406(b) |
| ) | |
| ANDREW M. SAUL[1], ) | (Doc. 28) |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Thelma S. Cohen, counsel for Plaintiff John David Hoover Jr., seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 28) Neither Plaintiff nor the Commissioner of Social Security oppose the motion.[2] For the following reasons, the motion for attorney fees is **GRANTED**.

**I.     Relevant Background**

Plaintiff entered into a contingent fee agreement with the law office of Potter, Cohen & Samulon on November 20, 2012. (Doc. 28-1) The agreement entitled counsel to an award of "25% of all past due benefits, including dependents' benefits" if judicial review of an administrative decision was required, and the adverse decision of an ALJ was reversed. (*Id.* at 2) The agreement also indicated Court approval would be sought for fees under the Equal Access to Justice Act. (*Id.*)

---

[1] This action was originally brought against Michael J. Astrue in his capacity as Commissioner. Andrew M. Saul has been automatically substituted as the defendant in this action. *See* Fed. R. Civ. P. 25(d).

[2] The Commissioner filed a response to the motion, in which he offered an "analysis of the requested fees to assist this Court" but asserted he was "not in a position to either assent to or object to the §406(b) fees that Counsel seeks from Plaintiff's past-due benefits." (Doc. 30 at 2-3)

1

On December 28, 2012, Plaintiff filed a complaint for review of the administrative decision denying his application for Social Security benefits. (Doc. 1) The Court observed the record established that "[t]he Commissioner found Plaintiff was disabled as of May 25, 2012, while the ALJ determined Plaintiff was not disabled through May 24, 2012, without any indication of an intervening act causing disability." (Doc. 25 at 5) Because the administrative record was insufficient to determine whether Plaintiff's applications for benefits involved the same evidence, the Court remanded the action for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g) on August 21, 2014. (*Id.* at 5-6) The parties stipulated to the award of fees and costs, and the Court awarded $4,700.00 in fees under the Equal Access to Justice Act to Plaintiff. (Doc. 27)

Following the remand, a "Notice of Award" was issued on June 8, 2019. (Doc. 28-3 at 2) The Social Security Administration determined Plaintiff "became disabled … on September 30, 2009" and was "entitled to monthly benefits from Social Security beginning March 2010." (*Id.* at 2-3) In addition, Plaintiff was entitled "to monthly child's benefits from Social Security beginning March 2010. (Doc. 28-4 at 2) In total, Plaintiff was entitled to $75,491.60 in past-due benefits. (*See* Doc. 30 at 2; *see also* Docs 28-3; Doc. 28-4) From this, the Commissioner withheld 25% for payment of fees, or $18,872.90. (*See id.*; Doc. 28-3 at 4; Doc. 28-4 at 3)

Ms. Cohen filed the motion now before the Court on January 9, 2020, seeking the withheld fees in the amount of $18,872.90. (Doc. 28) Ms. Cohen served Plaintiff with the motion and informed him of the right to file a response to indicate whether she agreed or disagreed with the requested fees. (*Id*. at 3; Doc. 29) Plaintiff has not opposed the motion.

**II.     Attorney Fees under § 406(b)**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).

A contingency fee agreement is unenforceable if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

**III.     Discussion and Analysis**

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).  However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded past-due benefits, including dependents' benefits. (Doc. 28-1 at 2) The law office of Potter, Cohen & Samulon accepted the risk of loss in the representation and expended a total of 34.75 hours while representing Plaintiff before the District Court.  (Doc. 28-5 at 2)  Due to counsel's work, the action was remanded further proceedings, and Plaintiff received a favorable decision, finding he was disabled prior to the date previously identified.  For this, Ms. Cohen requests a fee of $18,872.90.  (Doc. 28 at 1) Because $4,700.00 was previously paid under the EAJA, the net cost to Plaintiff is $14,172.90.  (*See* Doc. 28 at 5)  Finally, though served with the motion and informed of the right to oppose the fee request (Doc. 28 at 3; Doc. 29), Plaintiff did not file oppose the request and thereby indicates his implicit belief that the fee request is reasonable.

Significantly, there is no indication Ms. Cohen performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted.  Plaintiff was able to secure a remand for payment of benefits following the appeal, including an award of past-due benefits for himself and a dependent. Finally, the fees requested do not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b), or the amount withheld by the administration for payment of fees.
///

## IV. Conclusion and Order

Based upon the tasks completed and results achieved following the remand for further proceedings, the Court finds the fees sought by Ms. Cohen are reasonable. Accordingly, the Court **ORDERS**:

1. Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $18,872.90 (Doc. 28) is **GRANTED**;
2. The Commissioner shall pay the amount directly to Counsel, Theresa Cohen; and
3. Counsel **SHALL** refund $4,700.00 to Plaintiff John David Hoover, Jr.

IT IS SO ORDERED.

Dated: **February 3, 2020**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE